**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Applegate, | No. CV-10-00047-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona; Arizona State Fair, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss filed by the State of Arizona and the Arizona State Fair (collectively, "Defendants"). (Doc. # 18.) For the reasons that follow, the Court grants Defendants' motion.[1]

---

[1] This Order will address the sufficiency of the Complaint filed by Plaintiff Susan Applegate on January 8, 2010 (Doc. # 1). Defendants' reply filed in support of the Motion to Dismiss (Doc. # 22) urges the Court to dismiss without leave to amend the "Prosecutor's Answer to Honorable James A. Teilborg" filed by Plaintiff in response to the Motion to Dismiss (Doc. # 21). To the extent this Prosecutor's Answer is an amended complaint, as Defendants contend, the Court will dismiss the Prosecutor's Answer in its entirety without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure for the reasons set forth in this Order. Additionally, to the extent the "Notice of Abuse of Process" filed by Plaintiff on October 18, 2010 (Doc. # 23), constitutes a request for relief, such request is denied. In the event the notice is intended to be an amended complaint, the notice is dismissed without prejudice for failure to comply with Rule 8. Plaintiff is advised to heed the rules of procedure before filing any further documents with the Court.

## I. Legal Standard

### *A.    General Rules of Pleading*

Rule 8 of the Federal Rules of Civil Procedure governs pleadings and provides, in relevant part:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED.R.CIV.P. 8(a). Additionally, "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1).

Rule 8(a)(2) requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. U.S. Dep't of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Id.*

"The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). "It is settled law that the allegations of a [pro se litigant's] complaint 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 107–08 (9th Cir. 2000) (citing *Briones*

1  *v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997)).

2    In order to assist litigants to understand the Rule 8(d) requirement that averments "be
3  simple, concise and direct," Rule 84 provides an official Appendix of Forms, which are
4  "intended to indicate the simplicity and brevity of statement which the rules contemplate."
5  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Examples of types of complaints for
6  different types of claims are contained in forms 10 through 21. In addition to setting forth
7  why the federal court has jurisdiction over a plaintiff's claims, a complaint should fully set
8  forth "who is being sued, for what relief, and on what theory, with enough detail to guide
9  discovery." *Id.* In addition, to satisfy Rule 8, each claim should be stated in a separate count.
10 *Bautista*, 216 F.3d at 840–41.

11   *B.* *Failure to State a Claim for Which Relief Can Be Granted*

12   The Court can dismiss a complaint for failure to state a claim upon which relief can
13 be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule
14 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule
15 8(a)(2). As stated above, Rule 8(a)(2) requires a "short and plain statement of the claim
16 showing that the pleader is entitled to relief," so that the defendant has "fair notice of what
17 the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S.
18 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

19   Although a complaint attacked for failure to state a claim does not need detailed
20 factual allegations, the pleader's obligation to provide the grounds for relief requires "more
21 than labels and conclusions, and a formulaic recitation of the elements of a cause of action
22 will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
23 The factual allegations of the complaint must be sufficient to raise a right to relief above a
24 speculative level. *Id*.

25   Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to
26 relief. Without some factual allegation in the complaint, it is hard to see how a claimant
27 could satisfy the requirement of providing not only 'fair notice' of the nature of the claim,
28 but also 'grounds' on which the claim rests." *Id*. at 555 n.3 (citing 5 C. WRIGHT & A.

1  MILLER, FEDERAL PRACTICE & PROCEDURE §1202, 94, 95 (3d ed. 2004)).

2  Rule 8's pleading standard demands more than "an unadorned, the-defendant-
3  unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949
4  (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than blanket
5  assertions will not suffice. To survive a motion to dismiss, a complaint must contain
6  sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible
7  on its face." *Iqbal*, 129 S. Ct. at 1949. Facial plausibility exists if the pleader pleads factual
8  content that allows the court to draw the reasonable inference that the defendant is liable for
9  the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility
10 requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a
11 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short
12 of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting
13 *Twombly*, 550 U.S. at 557).

14 In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts
15 alleged in the complaint in the light most favorable to the drafter of the complaint and the
16 Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,
17 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true
18 a legal conclusion couched as a factual allegation. *Papasan*, 478 U.S. at 286.

19 **II.   Analysis and Conclusion**

20    *A.   Dismissal of Arizona State Fair*

21 Defendants move for the dismissal of the party titled "Arizona State Fair," because
22 no such legal or jural entity exists. By statute, the Arizona State Fair is an activity of the
23 Arizona exposition and state fair board. *See generally* A.R.S. §§ 3-1001 to -1012. The
24 Arizona exposition and state fair board "constitute[s] a body corporate." *Id.* § 3-1006(B).
25 A plaintiff may not bring a claim against a governmental agency or department unless it
26 enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d
27 311, 313–14 (5th Cir. 1991). No statute or regulation grants the Arizona State Fair (or the
28 Arizona exposition and state fair board) the power to sue or be sued as a separate jural entity.

- 4 -

1  Accordingly, the Court dismisses the Arizona State Fair as a defendant in this action.

2    *B.  Failure to Comply with Rule 8*

3    The Court finds the Plaintiff's rambling and incomprehensible Complaint fails to
4  comply with the pleading requirements in Rule 8(a) of the Federal Rules of Civil Procedure.

5    First, with respect to the statement of jurisdiction required by Rule 8(a)(1), Plaintiff
6  has failed to establish the Court's jurisdiction. Plaintiff's statement that: "The AZ State
7  Attorney General says it is in the jurisdiction of this court" does not comply with Rule
8  8(a)(1). The Court's jurisdiction is not determined by what the Arizona Attorney General
9  may have said to Plaintiff.

10   Second, Plaintiff's Complaint does not contain a short and plain statement of the claim
11 or claims, as required by Rule 8(a)(2). Neither Defendants, nor the Court, can decipher
12 Plaintiff's claims or the specific factual allegations supporting the claims. Plaintiff appears
13 to set forth two claims: (1) Plaintiff seeks, but cannot obtain, a handicapped parking permit;
14 and (2) there are no "ADA parking spaces" at the Arizona State Fair. However, Plaintiff has
15 not set forth a short plain statement of these two claims that permit Defendants to address the
16 allegations in the Complaint. Rather, Plaintiff's first claim is a disjointed diatribe that
17 appears to allege she did not receive proper or "ethical" medical care from various
18 physicians, and refers to fighter pilots, Helen Keller, the troops, post-traumatic stress disorder
19 caused by car accidents, and the Phoenix police department. Plaintiff's second claim is a
20 stream-of-consciousness narrative of her experiences parking at the Arizona State Fair over
21 the course of three days, and includes a protracted discussion of a parking dispute or disputes
22 with one or more individuals. The Court finds that the Complaint does not give "fair notice"
23 of the claim being asserted and the "grounds upon which it rests." *Yamaguchi*, 109 F.3d at
24 1481.

25   Third, while the Complaint does state a demand for relief as required by Rule 8(a)(3),
26 the demand is too generalized to inform either the Court, or Defendants, of exactly what
27 relief Plaintiff hopes to obtain from this action. After the heading "Demand," the Complaint
28 states one word: "Compliance." (Doc. # 1 at p. 3.) The Court surmises that Plaintiff is

1 generally demanding the State of Arizona comply with the Americans with Disabilities Act
2 of 1990, 42 U.S.C. § 12131–12165 ("ADA"). However, Plaintiff's specific demand is that
3 Defendants hire "ADA representation at least at supervisorial positions at every state agency
4 and entity," and issue a "[p]ublic apology by the State to the Plaintiff and soldiers." (*Id.*)
5 Plaintiff also requests "pain and suffering," and "therapy for the troops" in the form of passes
6 to the Arizona State Fair. (*Id.*) It is unclear how these demands relate to the allegations set
7 forth in the Complaint.

8     For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to
9 comply with the pleading requirements in the Federal Rules of Civil Procedure.

        *C.*    *Failure to State a Claim for Which Relief Can Be Granted*

11     The Court also grants Defendants' motion, because Plaintiff's Complaint fails to state
12 a claim upon which relief can be granted.

        1.    ADA-Related Claims

14     The Court finds that Plaintiff is attempting to assert her claims under Title II of the
15 ADA related to: (1) the State of Arizona's alleged refusal to issue a handicapped parking
16 permit to Plaintiff; and (2) the Arizona State Fair's alleged failure to provide parking spaces
17 that accommodate her disability.

18     Title II of the ADA provides that "no qualified individual with a disability shall, by
19 reason of such disability, be excluded from participation in or be denied the benefits of the
20 services, programs or activities of a public entity, or be subjected to discrimination by such
21 entity." 42 U.S.C. § 12132. In order to state a claim for disability discrimination under Title
22 II, Plaintiff must allege four elements:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

27 *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

28     Plaintiff alleges that she has a disability (or disabilities). She also alleges that she

- 6 -

1 "deserves and can not get a State issued accessible parking permit" (Doc. # 1 at p. 1).
2 However, Plaintiff does not allege that: (1) she is qualified to obtain benefits, such as
3 handicapped parking permit, because she complied with all requirements; and (2) her failure
4 to receive a permit is due to her disability. With respect to her inability to obtain a
5 handicapped parking permit, Plaintiff does not allege that she has complied with the
6 requirements for obtaining such a parking permit under Arizona law. *See* A.R.S. § 28-2409
7 (describing the process for obtaining special plates issued by the Arizona Department of
8 Transportation). Specifically, Plaintiff has not alleged that she submitted an application for
9 a permit or special license plate but was denied a permit. Based on the foregoing, Plaintiff
10 has failed to state a claim under the ADA, and dismissal is appropriate pursuant to Rule
11 12(b)(6) of the Federal Rules of Civil Procedure.

          2.        State Fair Parking Claims

13 The Court finds that Plaintiff has failed to state a claim for which relief can be granted
14 regarding Plaintiff's allegations about the parking spaces at the Arizona State Fair. Plaintiff
15 claims that "[t]here is not one even vaguely compliant parking space in the so labeled ADA
16 parking spaces at the AZ State Fair." (Doc. # 1 at p. 2.) Plaintiff appears to base this claim
17 on the size of the parking spaces (*id.*); however, Plaintiff does not cite any authority for a
18 purported ADA violation related to the size of parking spaces. Plaintiff defines a compliant
19 parking space as "one or two extra wide places together with surrounds of loading zones, side
20 and back." (*Id.* at p. 3.) It is unclear to the Court how Plaintiff came to this conclusion. In
21 a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint
22 as true. *Iqbal*, 129 S. Ct. at 1949–50. However, the Court is not required to accept legal
23 conclusions couched as factual statements as true. *Id.*

24 It is also unclear if the basis of Plaintiff's claim is that she was prohibited from
25 parking in a handicapped space ("shooed away"), or if the basis of Plaintiff's claim is that
26 the handicapped parking spaces are too small. Plaintiff seems to allege that she received a
27 parking permit issued by the Arizona State Fair to "a patron vendor" (*id.* at p. 2); however,
28 the Court cannot determine from Plaintiff's Complaint what exactly this parking permit

1 permitted and who was entitled to issue or use the parking permit. Regardless, Plaintiff has
2 failed to allege any facts indicating that she was unable to park or prohibited from parking
3 in handicapped parking spaces.

4 Based on the foregoing, the Court finds that the Complaint does not contain sufficient
5 factual allegations to support her claim or claims related to parking at the Arizona State Fair.

### III.  Leave to Amend

In this case, Plaintiff has not amended, nor sought leave to amend, her original complaint as a matter of right under Federal Rule of Civil Procedure 15.[2]  Defendants filed the Motion to Dismiss on August 31, 2010.  Because the 21-day time frame to file an amendment following a motion to dismiss has expired, Plaintiff has lost her right to amend her complaint as a matter of course.  FED.R.CIV.P. 15(a)(1).  However, the Ninth Circuit has instructed district courts to grant leave to amend, *sua sponte*, when dismissing a case for failure to state a claim, "unless the court determines that the pleading could not possibly be cured by the allegations of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  There is a "longstanding rule that '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'"  *Id.* at 1129 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

In this case, the Court cannot say that *some* of the deficiencies in Plaintiff's Complaint cannot be cured by amendment; therefore, the Court will grant Defendants' Motion to Dismiss with leave to amend.  Plaintiff will be given a reasonable opportunity, if she so chooses, to amend her complaint to make clear her allegations in short, plain statements with each claim for relief identified in separate sections.  In the amended complaint, Plaintiff must

---

[2] As noted at the beginning of this Order, it is unclear whether Plaintiff intended the Prosecutor's Answer, filed in response to the Motion to Dismiss, to constitute an amended complaint. Because the Court cannot decipher Plaintiff's intent, the Court will give Plaintiff leave to amend the Complaint in accordance with this Order.  To avoid further confusion, Plaintiff is advised to title her pleading as an "Amended Complaint."

1  write out the rights she believes were violated, the name of the person who violated the right,
2  exactly what that person did or failed to do, how the action or inaction of that person is
3  connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered
4  because of the other person's conduct. Each claim of an alleged violation must be set forth
5  in a separate count. Plaintiff is cautioned that an amended complaint must conform to the
6  requirements of Rule 8 of the Federal Rules of Civil Procedure, and may not incorporate any
7  part of the original Complaint by reference.

8  Accordingly,

9  **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. # 18) is GRANTED
10  without prejudice.

11  **IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint in
12  compliance with Rule 8(a) no later than 30 days from the date of this Order. If no Amended
13  Complaint is filed within 30 days, the Clerk of the Court shall, without further Court order,
14  dismiss this case without prejudice.

15  DATED this 4th day of November, 2010.

James A. Teilborg
United States District Judge